**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NOS. A-6008-17T3
      A-6011-17T3
      A-0416-18T3
      A-0669-18T3

NISSAN INFINITI LT,

    Plaintiff-Respondent,

v.

NICOLE G. DEJESUS,

    Defendant-Appellant.

_____

SANTANDER CONSUMER USA,

    Plaintiff-Respondent,

v.

JULIE A. DENGLER,

    Defendant-Appellant.

_____

FINANCIAL SERVICES VEHICLE
TRUST,

    Plaintiff-Respondent,

v.

ROY G. WILKINSON,

     Defendant-Appellant.

_____

FINANCIAL SERVICES VEHICLE
TRUST,

     Plaintiff-Respondent,

v.

JORDAN P. FELD,

     Defendant-Appellant.

_____

> Argued June 4, 2019 – Decided June 18, 2019
>
> Before Judges Fisher and Suter.
>
> On appeal from Superior Court of New Jersey, Law Division, Camden County, Docket Nos. SC-001247-18, SC-001252-18, SC-001246-18, and SC-001528-18.
>
> Timothy P. Smith argued the cause for appellants Nicole DeJesus, Julie A. Dengler, Roy G. Wilkinson, and Jordan P. Feld (Kinney Lisovicz Reilly & Wolff PC, attorneys; Timothy P. Smith, of counsel and on the briefs).
>
> Kari B. Samuels argued the cause for respondents Nissan Infiniti LT, Santander Consumer USA and Financial Services Vehicle Trust (Goldfein Claims Management, attorneys; Kari B. Samuels, on the briefs).

A-6008-17T3

PER CURIAM

In these four appeals, which we consolidated for disposition in a single opinion, we consider some of the same issues we previously rejected in Financial Services Vehicle Trust v. Panter, 458 N.J. Super. 244 (App. Div. 2019). There, we found that the owner of a leased vehicle, which was damaged by a defendant's negligence, is entitled to pursue a claim for the vehicle's reduction in value caused by the stigma of having its accident history revealed in databases like CarFax. Id. at 249-50. Like the plaintiffs in Panter, plaintiffs here provided expert evidence to support their claims that even though the vehicles were restored to their pre-accident function and condition, their resale value was reduced by their accident histories. In adhering to our prior decision, we conclude that these damage claims were viable and that defendants' arguments that the recovery is too speculative to be legally countenanced are without merit.

In each of these nonjury, small claim cases, the trial judge rendered judgments in favor of the vehicle owners on this diminution theory. In Santander Consumer USA v. Dengler, the judge found in favor of plaintiff on this claim and entered judgment in the amount of $950. The judge made similar rulings and entered judgments in the other three cases in favor of plaintiffs in similar amounts.

A-6008-17T3

In appealing these judgments, each defendant argues that: (1) because the vehicle was restored to its pre-accident appearance and condition, there could be no further recovery; and (2) plaintiff's expert was erroneously permitted to provide a net or personal opinion. As noted, we expressed our view of the legal sufficiency of the identical diminution issue raised in <u>Panter</u>. For those reasons, we reject defendants' similar arguments in these appeals.

In <u>Panter</u>, we also rejected arguments about the sufficiency of the expert testimony there offered. <u>Id.</u> at 257-59. The similar arguments posed here are indistinguishable and are rejected for the same reasons expressed in <u>Panter</u>.

All the other arguments posed by these defendants are of insufficient merit to warrant further discussion in a written opinion. <u>R.</u> 2:11-3(e)(1)(E).

The judgments under review in these four appeals are affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-6008-17T3